## Schmitt *v.* Republic Collieries Co., Appellant.

*Contract—Master and servant—Wrongful discharge—Damages —Use of automobiles.*

Where a man is employed for a period of one year to furnish labor at a stated price per month, and the use of two automobiles at a stated price per day, and he is discharged without cause, after working for two months, he is entitled to recover, not only the price of his labor for the remainder of the year, but also the profit which he would have made from the use of the automobiles.

Argued October 14, 1920.  Appeal, No. 124, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., July T., 1919, No. 2015, on verdict for plaintiff, in case of Thomas M. Schmitt v. Republic Collieries Co. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Assumpsit to recover balance alleged to be due on contract of employment. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Error assigned* was refusal of certain instructions, appearing by opinion of Supreme Court, quoting them.

*David E. Mitchell,* for appellant.

*Albert C. Hirsch,* with him *Watson & Freeman,* for appellee.

PER CURIAM, December 31, 1920:

The plaintiff was employed by the defendant for the period of one year, to furnish labor and two automobile trucks in connection with certain work in a coal mine. He was to receive $175 per month for his services and $35 a day for the use of each truck. The company was to pay the laborers. After working for two months he was discharged, without cause, and he brought this action to recover wages for ten months and for loss of profit upon his trucks, which the testimony showed to be about $28 per day on each. About a month after his discharge he lost his trucks, through his inability to pay the installments due thereon from time to time. The jury returned a verdict in the sum of $7,500, being $1,750 for ten months' wages and $5,750 for loss of profits on the trucks.

Appellant's only complaint is of the refusal of the learned trial judge to instruct the jury that there could be no recovery for loss of the profits plaintiff might have realized from the use of his trucks. The refusal to do so was not error, for if the plaintiff had not been unjustifiably discharged by the defendant he would have been able to pay for the trucks and use them in the performance of his contract. He is, therefore, entitled to be

paid for what he would have realized from them as a part of the damages he sustained by defendant's breach of its contract with him. No distinction can be made on principle between this item and that for lost wages which defendant admits it owes him on the jury's finding that he was unjustly discharged.

Judgment affirmed.